UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM DEMOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:14-CV-0867-G |
| LM INSURANCE CORPORATION, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiff Tom Demott ("Demott") to remand this case to the 14th Judicial District Court of Dallas County, Texas (docket entry 5), (2) the motion of the defendant Michael Dumas ("Dumas") to dismiss for failure to state a claim against him (docket entry 13), and (3) the motion of the defendants LM Insurance Corporation ("LM"), Sarah Loftus ("Loftus"), and Dumas to transfer venue of this case to the United States District Court for the District of Arizona, Phoenix Division (docket entry 20).  For the reasons set forth below, Demott's motion to remand is granted, and the defendants' motion to transfer venue

is denied as moot.  Decision of Duma's motion to dismiss is **DEFERRED** to the judge

of the state court on remand.

## I.  BACKGROUND

Demott is an Arizona citizen.  Plaintiff's Original Petition ("Petition") ¶ 3.1

*attached to* Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a)

(Diversity) ("Notice of Removal") as Exhibit C (docket entry 1).

LM, an insurance company, is incorporated in Illinois with its principal place

of business in Massachusetts.  Notice of Removal ¶ 5.  Dumas and Loftus, insurance

adjusters for LM, are Texas citizens.  *Id*. ¶¶ 1, 6; Petition ¶¶ 3.3, 3.4, 5.3.  Dumas and

Loftus work at LM's office in Irving, Texas.  Plaintiff's Response to Defendants'

Motion to Transfer Venue ("Response to Motion to Transfer Venue") at 5 (docket

entry 22).

On October 1, 2010, Demott was injured in the course of his employment at

Southwest Regional Council.  Petition ¶ 5.2.  Upon receipt of Demott's worker's

compensation claim, LM assigned Dumas as the claim adjuster.  *Id.*  Dumas filed a

Notice of Claim Status with the Industrial Commission of Arizona which, Demott

asserts, led to the "direct result of ceasing and denying medical and income benefits

to Mr. DeMott."  *Id.*  Ultimately, the Industrial Commission of Arizona ordered

payment of Demott's benefits.  *Id.* ¶ 5.3.  Demott alleges damages from the

"wrongfully denied and/or unreasonably delayed" payment of worker's compensation

benefits stemming from the defendants' filings with the Industrial Commission of Arizona. *Id.* ¶ 5.1.  Demott contends that "[a]s a result of the adjusters' inadequate investigation and decision to ignore the clear evidence confirming Demott's injury, [LM] refused to provide timely insurance benefits to Demott." Response to Motion to Transfer Venue at 4.

On January 8, 2014, Demott filed suit against the defendants in the 14th Judicial District Court of Dallas County, Texas. *See* Notice of Removal.  Demott sued LM for breach of its duty of good faith and fair dealing under Arizona law in handling his claim.  Petition ¶ 6.1.  He claims LM intentionally denied -- and then knowingly terminated -- his worker's compensation benefits, without a reasonable basis for either action.  *Id.* ¶ 6.4.  Demott brought aiding and abetting claims under Arizona law against Dumas and Loftus for their involvement in the claims adjustment process.  *Id.* ¶ 7.1.  Demott classifies Dumas and Loftus as individuals and agents of LM who "knew that, after an adequate investigation," the claim was not fairly debatable and acted to delay it without a reasonable basis.  *Id.* ¶¶ 7.1-7.6.  Demott further alleges that Dumas and Loftus "substantially assisted or encouraged" LM in delaying and/or denying his claim.  *Id.* ¶ 7.5.

On March 7, 2014, LM and Loftus removed the case to this court, claiming improper joinder of Dumas and Loftus.  Notice of Removal ¶ 6.  LM contends that Demott's claims against Dumas and Loftus arise from the course and scope of their

employment; thus, the aiding and abetting claims must fail. *Id.* ¶ 11.  On March 11, 2014, Demott moved to remand this case, arguing that he properly joined Loftus and Dumas.  Plaintiff's Motion to Remand ("Motion to Remand") ¶¶ 1-2 (docket entry 5).  On March 27, 2014, Dumas moved to dismiss the case based on a failure to state a claim.  On May 28, 2014, all three defendants moved to transfer the case to the United States District Court for the District of Arizona, Phoenix Division.

## II.  ANALYSIS

### A.  Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court."  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313

U.S. 100, 108-09 (1941).  The party seeking removal bears the burden of establishing

federal jurisdiction.  *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship between the parties, *see* 28 U.S.C. § 1332.  Here, the removing

defendants have alleged only diversity of citizenship as a basis of this court's

jurisdiction.  The court can properly exercise jurisdiction on the basis of diversity of

citizenship after removal only if three requirements are met:  (1) the parties are of

completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the *properly joined*

defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C.

§ 1441(b)(2); and (3) the case involves an amount in controversy of more than

$75,000, *see* 28 U.S.C. § 1332(a).  In this case, Dumas and Loftus are citizens of

Texas.  Petition ¶¶ 3.3, 3.4.  However, LM contends that removal is proper because

Dumas and Loftus have been improperly joined in this suit.  Notice of Removal ¶ 6.

## B.  Improper Joinder and Remand

The Fifth Circuit has recognized two grounds on which a court can find that a

defendant was improperly joined:  "'(1) actual fraud in the pleading of jurisdictional

facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court.'"  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47

- 5 -

(5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005).  The first of these two grounds is

not applicable to this case.  To satisfy the second test for improper joinder, the

defendants must demonstrate that "there is no possibility of recovery by the plaintiff

against an in-state defendant, which stated differently means that there is no

reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant."  *Id.*

To determine whether the plaintiff is unable to establish a cause of action

against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type

analysis, looking initially at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant.[*]  Ordinarily, if

a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Smallwood*, 385 F.3d at 573.  "The scope of the inquiry for fraudulent joinder,

however, is broader than that for Rule 12(b)(6)."  *Ross v. Citifinancial, Inc.*, 344 F.3d

458, 462 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005).

---

[*]      The court concludes that applying the state pleading standard seems
most natural.  See *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537
(5th Cir. 2005) (applying the Texas fair notice pleading standard to determine
whether allegations were sufficient to state a claim under state law); *Durable
Specialties, Inc. v. Liberty Insurance Corporation*, 2011 WL 6937377, at *5 (N.D. Tex.
Dec. 30, 2011) (Lindsay, J.) (arguing that application of the Texas pleading standard
is logical and compelled by fundamental fairness); *Edwea, Inc. v. Allstate Insurance
Company*, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (noting that the
majority of courts have held that when a state pleading standard is more lenient, a
federal court should apply the state pleading standard to determine whether there is a
reasonable basis for recovery in state court).

Normally, a district court should confine its improper joinder analysis to the pleadings. However, in rare cases, "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . ., the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In this case, a Rule 12(b)(6) inquiry is appropriate because the defendants have not identified any omitted facts that would preclude the plaintiff's recovery against the defendants.

The party seeking removal bears the heavy burden of proving improper joinder. *Id.* at 574. The court must resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999). The court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). The court can only deny the plaintiff's motion for remand if as a matter of law there is absolutely no possibility that the plaintiff can state a valid claim against Dumas and Loftus in state court. See *B., Inc.*, 663 F.2d at 554. If the defendants cannot prove improper joinder, remand is mandated. *Smallwood*, 385 F.3d at 575.

- 7 -

A district court's order remanding a case to the state court from which it was removed is generally not reviewable on appeal or otherwise, "even if the district court's order was erroneous." *Angelides v. Baylor College of Medicine*, 117 F.3d 833, 836 (5th Cir. 1997) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976)); *Tillman v. CSX Transportation, Inc.*, 929 F.2d 1023, 1028 (5th Cir.), *cert. denied*, 502 U.S. 859 (1991)); *see* 28 U.S.C. § 1447(d). This rule allows state courts to proceed without delay. *Mobil Corporation v. Abeille General Insurance Company*, 984 F.2d 664, 666 (5th Cir. 1993).

## C.  Application

Demott brings aiding and abetting claims against Dumas and Loftus under Arizona law. *See* Petition ¶ 7.1. Demott asserts that "[t]he acts and omissions of Loftus and Dumas were performed by them in their individual capacity and as agents for [LM]." *Id*. ¶ 7.2.

Under Arizona law, a secondary liability claim of aiding and abetting tortious conduct requires proof of three elements: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485 (2002). "Substantial assistance" means

actions, even ordinary ones, that give "more than a little aid" or when there is

heightened economic motive to assist in the underlying tort.  See *id.* at 488-89; *Pimal*

*Property, Inc. v. Capital Insurance Group, Inc.*, No. 2:11-CV-02323-DGC, 2012 WL

608392, at *6 (D. Ariz. Feb. 27, 2012).

Arizona law is unsettled on the issue of whether an insurance adjuster can be

liable for aiding and abetting.  In one line of cases, Arizona courts have ruled that no

aiding and abetting claim may lie when the same set of actions underlies both bad

faith and aiding and abetting claims.  See, *e.g.*, *Young v. Liberty Mutual Group*, No.

2:12-CV-02302-JAT, 2013 WL 840618, at *3 (D. Ariz. Mar. 6, 2013).  These courts

reason that if the same actions by the insurance adjuster give rise to both claims, no

facts exist to form the foundation of the "substantial assistance" requirement (*i.e.*,

classifying aiding and abetting as a secondary tort requiring a second action).  *Id.* at

*2-*4; see also *Ortiz v. Zurich American Insurance Company*, No. 2:13-CV-02097-JAT,

2014 WL 1410433, at *5 (D. Ariz. Apr. 11, 2014); *Timmons v. ELCO Administrative*

*Services*, No. 2:13-CV-00846-PGR, 2013 WL 5242995, at *2-*3 (D. Ariz. Sept. 17,

2013); *Jones v. Colorado Casualty Insurance Company*, No. 2:12-CV-01968-JAT, 2013

WL 4759260, at *2-*4 (D. Ariz. Sept. 4, 2013).

However, under Arizona law ,"[i]t is well-established law that an agent will not

be excused from responsibility for tortious conduct [merely] because he is acting for

his principal."  *Warner v. Southwest Desert Images, LLC*, 180 P.3d 986, 992 (Ariz. Ct.

App. 2008) (quoting *Griffith v. Faltz*, 785 P.2d 119, 120-21 (Ariz. Ct. App. 1990)).

An Arizona court recently allowed an aiding and abetting claim against an insurance

adjuster to survive a Rule 12(b)(6) motion when an insured was injured on a

construction job, the claims adjuster sent the claim to the Industrial Commission of

Arizona, and the insured subsequently sued, using the adjuster's actions as the basis

of the bad faith and aiding and abetting claims.  See *Inman v. Wesco Insurance

Company*, No. 2:12-CV-02518-GMS, 2013 WL 2635603, at *1, *4  (D. Ariz.

June 12, 2013).  Applying *Warner*, *Inman* made it "clear that an aiding and abetting

claim is not barred simply because a person worked for the alleged primary tortfeasor

and was acting within the scope of her employment."  *Id.* at *3-4; see also *Haney v.

ACE American Insurance Company*, No. 2:13-CV-02429-DGC, 2014 WL 1230503, at

*4 (D. Ariz. Mar. 25, 2014) ("[T]hat the adjuster and the insurance company act as

one entity in processing a claim, and that the adjuster therefore cannot be liable for

aiding and abetting bad faith, has been rejected repeatedly by courts in this district.");

*Wilson v. Accident Fund General Insurance Company*, No. 2:13-CV-02012-HRH, 2013

WL 6670330, at *1, *4 (D. Ariz. Dec. 18, 2013) ("On a motion to dismiss, the

question is not whether plaintiff has presented any evidence in support of her [aiding

and abetting] claim, but whether she has stated a plausible claim for relief, which

plaintiff has done here.");  *Miller v. York Risk Services Group*, 2:13-CV-01419-JWS,

2013 WL 6442764, at *5 (D. Ariz. Dec. 9, 2013); *Morrow v. Boston Mutual Life*

- 10 -

*Insurance Company*, No. 2:06-CV-02635-SMM, 2007 WL 3287585, at *1-2, *6 (D.

Ariz. Nov. 5, 2007).  Thus, under Arizona law, it is possible for an insured to state a

valid claim of aiding and abetting an insurer against an insurance adjuster.  See

*Haney*, 2014 WL 1230503, at *5 (holding that the allegation that an insurance

adjuster "substantially assisted or encouraged" the insurer in its bad faith was

sufficient to plead a "separate action by [the adjuster] which could amount to aiding

and abetting"); *51 Bells Limited Partnership v. Farm Bureau Property* & *Casualty*

*Insurance Company*, No. 2:12-CV-01919-SLG, at 9 (D. Ariz. Feb. 1, 2013)

(unpublished opinion, *attached to* Motion to Remand as Exhibit B) (". . . Arizona state

law does not clearly preclude an insurance adjuster's liability for abetting an alleged

bad faith tort of the insurer.").

   While Demott alleges that all three defendants were responsible for not

investigating his claim properly and participating in the plan to wrongfully deny him

benefits, he also contends that Loftus and Dumas "substantially assisted or

encouraged" LM.  Petition ¶ 7.5.  Given the unsettled nature of the tort of aiding and

abetting in the insurance context in Arizona courts, there is a possibility that Demott

has a viable claim for relief against Dumas and Loftus.  See *Smallwood*, 385 F.3d at

573.  Therefore, the defendants have been properly joined, placing this case outside

of this court's subject matter jurisdiction.

III.  CONCLUSION

For the reasons stated above, Demott's motion to remand is **GRANTED**, and the defendants' to transfer venue is **DENIED** as moot.

This case is **REMANDED** to the **14th Judicial District Court of Dallas County, Texas**.

The clerk shall mail a certified copy of this memorandum opinion and order to the District Clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED.**

July 24, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**

- 12 -